UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:20-CV-00117-CRS

WILLIAM J. DAUGHERTY                                                          PLAINTIFF

v.

KENTUCKY STATE PENITENTIARY, *et al*                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 action. Plaintiff, William J. Daugherty, is proceeding *pro se* and *in forma pauperis*. Presently, this matter is before the court for review of Defendants' Motion for Summary Judgment (DN 34). For the reasons set forth below, the court will grant the motion, enter a judgment in favor of Defendants, and dismiss this action from the court's active docket.

## BACKGROUND

### A.  Procedural Posture

Defendants, the Kentucky State Penitentiary and Hair Vinson, moved for summary judgment on July 14, 2023.[1] By Local Rule of this court, Plaintiff had 21 days to respond to that Motion, making his response deadline August 4, 2023. L.R. 7.1(c). As of September 27, 2023, Plaintiff had not filed a response, so the court entered an Order (DN 38) directing Plaintiff to respond "within **30 days** of entry of this Order." *Id.* at PageID# 126 (emphasis in original). The court also provided Plaintiff with guidance in responding to summary judgment motions and warned Plaintiff that failure to comply with the court's Order "**will result in dismissal of the**

---

[1] The court dismissed the Kentucky State Penitentiary by prior Order (DN 10) but allowed an official-capacity claim against defendant Vinson to proceed, explaining that such a claim is the same as suing the state actor/entity who employs him. Ostensibly, the pending summary judgment motion was filed on behalf of both Defendants out of an abundance of caution. To clear any confusion, the court has entertained the summary judgment motion as pertaining to claims against both Defendants and its order and judgment will reflect this consideration and disposition.

**action.**" *Id.* (emphasis in original). On October 10, 2023, the Clerk of Court received and docketed a letter from Plaintiff (DN 39) along with his Response (DN 39-1).

In his letter, Plaintiff states that he was transferred from the Kentucky State Penitentiary (the "KSP") and, according to Plaintiff, his property "disappeared" in the course of the transfer. *Id.* at PageID# 130. Plaintiff alleges that he was forced to mail the letter to the court under a different name because if he had not done so, the letter would have been thrown out: "anything going to the court with my name on it, is throw [sic] away." *Id.* Plaintiff alleges that defendant Vinson is the KSP property officer and in the course of KSP's investigation, Vinson stated that he did not remember "what he did or didn't do with my property." *Id.* Plaintiff states that he wants to file a separate civil action based on these events. *Id.*

At the same time, Plaintiff states that he sent a response to Defendants' summary judgment motion but it was thrown away. *Id.* at PageID# 131. Next, Plaintiff advises the court that he is sending another response to the court. Plaintiff enclosed a document entitled with the action number for the instant civil action and the heading "My Responses." *Id.* at PageID# 132-35. Accordingly, the court construes that enclosure as Plaintiff's Response to Defendants' summary judgment motion. Defendants have not filed a reply. Because the 14-day deadline for a reply has passed, Defendants' Motion is now ripe for review.

**B. Plaintiff's Claims**

Plaintiff sued defendant Vinson based on allegations that during the COVID-19 pandemic and despite "doing a lot of coughing," defendant Vinson did not wear a mask in Plaintiff's presence. Complaint Form, DN 01-1 at PageID# 11; *see also* Complaint, DN 01 at PageID# 1. Plaintiff alleged that because he was 65 years old at the time, this behavior put him at risk. DN 01-1 at PageID# 14; *see also* Complaint, DN 01 at PageID# 1. To support his contention that he was

at risk, Plaintiff stated that someone else in the KSP had contracted COVID. *Id.*; *see also* Complaint, DN 01 at PageID# 2. Plaintiff sued for $100,000. *Id.* at PageID# 15. Plaintiff also prayed that this civil action would help him before he caught COVID. *Id.* at PageID# 14.

Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the court conducted an initial review of his Complaint pursuant to 28 U.S.C. §1915A. Upon initial review, the court permitted an official capacity claim for injunctive relief and an individual-capacity claim for deliberate indifference to a serious medical need to proceed against defendant Vinson. 10/20/20 Mem. Opinion at PageID# 42.

Now, Defendants move for summary judgment on the following grounds: (1) Plaintiff's claim for injunctive relief is moot because the "health emergency resulting from COVID has ended and there is no reason to believe it will reoccur" [DN 34-1 at PageID# 115] and (2) defendant Vinson is entitled to qualified immunity.

Defendants' Memorandum provides the court with little on which to grant the motion. As for the first argument, Defendants apparently ask the court to take judicial notice that the pandemic is over as they have not provided admissible evidence in support of this assertion. As for support for the second argument, Defendants simply assert that there is no record evidence which shows that Vinson had COVID-19 or knew that his failure to wear a mask violated a clearly established constitutional right. Instead, Defendants contend that, at the time, mask-wearing, like the executive power to impose mandates, was subject to debate. Memorandum in Support, DN 34-1 at PageID# 115-16. Despite the scant support for their Motion, Defendants are entitled to prevail here because Plaintiff has not done enough to defeat their Motion.

In his Response, DN 39-1, Plaintiff asserts that "the virus is still here" and alleges that defendant Vinson failed a COVID test. Plaintiff contends that, as a result, he will not drop this

civil action. Plaintiff states there was a video camera outside Dorm 4 which would support his claims. This is the crux and entirety of Plaintiff's argument in response to Defendants' Motion. Plaintiff did not provide an affidavit or other support for his assertions. They are merely allegations. The remaining content in Plaintiff's Response essentially alleges that no one cares about inmates and then takes defense counsel to task for being insensitive and unsympathetic to Plaintiff.

On a final note, Plaintiff is no longer housed at the KSP. *See* 08/18/2023 Notice of Change of Address, DN 35 (stating that Plaintiff is currently housed at North Point Training Center).

## ANALYSIS

### A. Plaintiff's Claim for Injunctive Relief

Defendants are correct that Plaintiff's claim for injunctive relief, to order mask-wearing at the KSP, is moot. However, it is moot because Plaintiff is no longer housed at the KSP and not for the reason Defendants advance. While it may be that there is a declaration somewhere that the COVID pandemic is ended, Defendants did not provide admissible evidence to support this contention. Even so, this court cannot provide relief to Plaintiff. If the court ordered all KSP employees to wear masks while on duty, such an order would not provide Plaintiff relief as he is no longer housed at the KSP. Stated another way, unmasked KSP employees no longer pose a risk to Plaintiff; thus, this court cannot grant any effectual relief to Plaintiff. His claim is moot and must be dismissed:

> Article III of the United States Constitution empowers the federal courts to hear only "cases or controversies," U.S. Const. art. III, § 2, cl. 1, a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there. If events occur during the case, including during the appeal, that make it "impossible for the court to grant any effectual relief whatever to a prevailing party," the appeal must be dismissed as moot.

*Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

### B. Plaintiff's Claim for Money Damages

Plaintiff has sued defendant Vinson for $100,000 based on Vinson's failure to wear a mask during the COVID-19 pandemic – despite "doing a lot of coughing" while Plaintiff was near. Defendants argue that Vinson is entitled to a summary judgment on this claim because there is no record evidence that Vinson had contracted the COVID-19 virus and he is otherwise immune from suit under the qualified immunity doctrine. More specifically, regarding qualified immunity, Defendants assert:

> COVID also presented an unprecedented situation. . . . what state actors could do in issuing public health mandates such as the wearing of masks or limiting people congregating was in controversy, along with the efficacy . . . [of] such things as wearing masks or mandating vaccinations. Therefore, it would not be clear to Mr. Vinson that failure to wear a mask while working at the prison would be unlawful.

Memorandum at PageID# 116.

Plaintiff did not rebut Defendants' contentions. Plaintiff did not provide an affidavit or any other form of admissible evidence to rebut Defendants' assertion that there is no evidence to show Vinson had COVID-19, and without such, Plaintiff did not have a viable claim. Nor did Plaintiff respond to the argument that Vinson is entitled to qualified immunity due to the lack of clearly established federal law and an unprecedented situation. As a result, Defendants are entitled to a summary judgment.

Summary judgment is appropriate when the moving party shows that, for each claim or defense on which judgment is sought, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may show the absence of any genuine issue

of material fact by "demonstrating that the nonmoving party lacks evidence to support an essential element of its case." *Ford v. GMC*, 305 F.3d 545, 551 (6th Cir. 2002). If the moving party makes this showing, "the burden . . . shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. DOT*, 53 F.3d 146, 150 (6th Cir. 1995).

The court advised Plaintiff that he was required to submit such evidence in order to defeat Defendants' Motion:

> The Court advises Plaintiff that, in order for him to defeat Defendant's motion for summary judgment, he must demonstrate a genuine issue of material fact for trial and must support this assertion by citing to facts that can be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c). Plaintiff must support his facts with affidavits (sworn witness statements) and/or other documents contradicting the material facts asserted by Defendant. Otherwise, the Court may accept Defendant's facts as true and grant judgment in favor of Defendant without trial.

09/27/2023 Order, DN 38 at PageID# 126-27. The court appended a full copy of Rule 56 to its Order. *Id.* at PageID# 128-29.

Plaintiff did not submit any evidence in response to Defendants' Motion. Nor has Plaintiff supplemented his Response with such evidence. As a result, the court is left with no more than mere allegations and conclusory statements. Such statements are not enough to defeat a motion for summary judgment:

> . . . [I]n order to defeat a motion for summary judgment, a nonmoving party must still present some affirmative evidence to support its position—whether by affidavits, depositions, answers to interrogatories, or admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[T]the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

*Morris v. Brown (In re Brown)*, 489 F. App'x 890, 894 (6th Cir. 2012).

6

Moreover, Plaintiff's failure to respond to or rebut Defendants' qualified-immunity arguments also warrants dismissal of his claim for money damages against defendant Vinson. "Generally, at the summary judgment stage, the non-moving party can forfeit an argument if they fail to respond to the *moving party's arguments*." *Palma v. Johns*, 27 F.4th 419, 429 n.1 (6th Cir. 2022) (emphasis in original); *see Brown v. VHS of Michigan, Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.") (collecting cases). Despite being warned that Defendants' Motion required a response, Plaintiff failed to respond to the arguments raised and failed to provide any admissible evidence that rebutted Defendants' statements of fact. Given these circumstances, Plaintiff's claim against defendant Vinson for money damages cannot survive summary judgment.

By separate order and judgment, the court will grant Defendants' Motion for Summary Judgment and dismiss this case from the court's active docket.

December 14, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

7